HeNRY G-. Smith, J.,
delivered tbe opinion of tbe Court.
Tbe case shown in tbe record is a petition by tbe plaintiff in error, for a writ of certiorari, as a substitute for an appeal from tbe judgment of a Justice of tbe Peace, rendered against' ber, in favor of tbe defendant in error.
Tbe petition shows ample merits, and sufficient excuse for failing to take an appeal.
At tbe first term of the Circuit Court after tbe rendition of tbe Justice’s judgment, tbe plaintiff presented ber petition in open Court, and moved for tbe grant of tbe certiorari', which motion tbe Court' sustained, and ordered tbe writ to issue upon plaintiff giving bond and security as prescribed by law. Tbe defendant appeared by attorney, and resisted tbe motion. Afterwards, tbe plaintiff filed tbe pauper oath, and moved tbe Court to grant the writ without requiring bond and security; which motion tbe Court sustained, and awarded tbe writ. Tbe record recites, or is understood to recite, that tbe attorney of tbe defendant was present in Court when tbe pauper oath of the plaintiff was presented, and tbe motion made for the award of tbe writ to her in forma pauperis. After these proceedings, tbe defendant came by attorney, and moved tbe Court to dismiss tbe petition, assigning rea. son therefor, that notice was not given tbe defendant as prescribed by tbe Code, sec. 3133, of tbe motion of tbe plaintiff, for tbe grant of tbe writ to ber in *453 forma pauperis. The Court sustained the motion of the defendant, and dismissed the petition of the plaintiff.
The Code, sec. 3183, prescribes, that, upon application for the supersedeas in forma pauperis, the Court may grant the order “ only on notice to the adverse party.” This language is considered directory, and not imperative. The purpose of the notice is to bring the party notified, into Court. If he comes in voluntarily? his appearance fulfills all the purpose of the notice. It is a matter of no consequence to him, when in Court, whether notice was served on him or not. He has all the opportunity, which the notice was designed to give him; and that is, to make whatever resistance the case allows to the grant of the application of the plaintiff.
In the case in hand, the defendant- entered his formal appearance to the motion first made by the plaintiff, for the grant of the writ on the usual terms; and his attorney was present in Court when the application in forma pauperis was made in the second instance; and again formally appeared by his attorney, when he made the motion to dismiss for want of notice.
It would be rather technical than substantial, in such state of. facts, to deprive the petitioner of the opportunity to submit to trial, the matter of complaint between her and the defendant.
Reverse the judgment of the Court below; and remand this cause for further proceedings there.